In the Matter of the Application of HOMER RUPERT et al., Appellants, for a Writ of Mandamus against BENJAMIN REES et al., Constituting the Board of Inspectors of Election for the Second Election District of the Town of Rutland, Respondents.

Constitutional law — Election Law — registration of voters in districts outside a city or village having five thousand inhabitants — invalidity of the provision of the statute (L. 1913, ch. 820) requiring affidavits to register voter without his personal appearance — construction of other provisions of the statute.

1. The provisions of section 159 of the Election Law, as amended by chapter 820 of the Laws of 1913, requiring proof by the affidavits of himself and two qualified electors, in the form prescribed, as the condition of the registration of an elector, without his personal appearance at the first meeting of the registry board in districts outside a city or village having five thousand inhabitants or more, violates section 4 of article 2 of the Constitution of this state.

2. The statute is valid so far as it requires the inspectors at the first meeting to place on the register the names of those who voted at the last preceding general election and also those presenting themselves in person, except such persons as are proven to the satisfaction of the board to have ceased to be electors in the district since such election, and also the names of those proven to the satisfaction of such inspectors to be then or thereafter entitled to vote at the election for which the registration is made, which proof may be made by affidavit or otherwise.

*Matter of Rupert* v. *Rees*, 164 App. Div. —, reversed.

(Argued October 6, 1914; decided October 8, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered September 30, 1914, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the registration of the petitioners at the first meeting for registration without their personal appearance before the board of election inspectors and without giving proof by the affidavits of themselves and

two qualified electors in the form prescribed by section 159 of chapter 820 of the Laws of 1913.

The facts, so far as material, are stated in the opinion.

*Elon R. Brown* and *Henry H. Babcock* for appellants. Section 159 of the Election Law, as amended by chapter 820 of the Laws of 1913, is unconstitutional because the proofs required of rural voters on the first registration day in default of personal registration are so burdensome and unreasonable as in effect to deprive them of their constitutional privilege to be registered without personal appearance before the registry board.   (Const. of N. Y. art. 2, § 4; *Matter of Fraser* v. *Brown,* 203 N. Y. 136.) The effect, if not the purpose, of section 159 is to defeat the constitutional provision against requiring personal registration by rural voters.   (*Matter of Fraser* v. *Brown,* 203 N. Y. 136.)

*George R. Van Namee* and *D-Cady Herrick* for respondents.   The Constitution expressly imposes upon the legislature the duty to pass laws for ascertaining by proper proofs the citizens who shall be entitled to the right of suffrage and for their registration.   (*Matter of Ahearn* v. *Elder,* 195 N. Y. 493.)   The amendment to the Election Law requiring a person who did not vote at the preceding election, and who does not desire to appear in person before the board of registry, to furnish proof by his own affidavit and that of two electors that he is entitled to registration before his name can be placed upon the roll of voters, is constitutional.   (*Matter of Hopper* v. *Britt,* 203 N. Y. 150.)

MILLER, J.   Counsel for the respondents waived at the Special Term all objections to the maintenance of the proceedings except on the merits.   The need of a prompt decision permits only a brief statement of our views. The question involved is whether the provisions of section

159 of the Election Law, as amended by chapter 820 of the Laws of 1913, requiring proof by the affidavits in the form prescribed of himself and two qualified electors as the condition of the registration of an elector without his personal appearance at the first meeting of the registry board in districts outside a city or village having five thousand inhabitants or more violates article two, section four of the Constitution of this state, whereby it is provided that " voters not residing in such cities or villages shall not be required to apply in person for registration at the first meeting of the officers having charge of the registry of voters."

The prescribed form of affidavit requires the affiants, the two electors, to state on knowledge the date and place of birth of the person sought to be registered; if not native born the year and court in which he was naturalized; that he has resided in the election district for the last thirty days and in the county for four months, and that he has been an inhabitant of the state for one year. Undoubtedly it would be competent for the legislature to require proof to the satisfaction of the inspectors of the facts required to be stated in the prescribed form of affidavit. The vice of the requirement is that a selection is made of the persons who are to make the affidavits, regardless of the possibility of obtaining such proof and of its probative value. Such a selection is so arbitrary and unreasonable as to exceed the legislative discretion. A man unable to find two electors who knew the date of his birth could not be registered without his personal appearance, although he might be able to furnish the affidavit of his mother. A moment's reflection will suggest to any one the difficulty of finding two electors in his community who can swear to the date of his birth. In the case of electors who have moved within a year possibly from remote parts of the state into communities where they were unknown, it would usually be more troublesome to obtain the required affidavits than to

appear in person before the registry board, and in many cases it would be impossible to find two electors who could swear on knowledge to the necessary facts respecting either birth or residence, although persons, not electors, might be at hand, whose affidavits would be entitled to the highest probative value. Though the appellants are qualified to vote at the next ensuing election, they are unable to furnish the prescribed affidavits of two electors, and it is obvious that their cases are not exceptional. If the statute is valid, electors in such cases must personally appear or they cannot be registered.

The requirement is expressed in such plain and positive terms as to leave no doubt of the legislative intent. There is thus no room for construction. This court in *Matter of Fraser* v. *Brown* (203 N. Y. 136) condemned as unconstitutional a statute which directly required the personal appearance of voters residing outside of cities or villages having a population of five thousand or more, whose names do not appear on the poll book of the last general election. We now hold that a statute which indirectly accomplishes the same result is equally void as being in violation of the express constitutional provision hereinbefore quoted.

It remains to consider to what extent the valid provisions of the section in question may be separated from the invalid. The affidavit of the person seeking registration might be required. But the statute so couples the requirement as to his affidavit with that as to the affidavits of the two electors as to make any attempt to sever the two savor of judicial legislation. The language is " by the affidavits of each such person and of two qualified electors." If the requirement as to the latter be eliminated, the statute would then provide for the registration of a person on his own affidavit alone, although, if that possibility had been contemplated, the legislature might have provided for or indeed required other proof. The phrase just quoted may be eliminated

without destroying the legislative scheme. The statute would then require the inspectors at the first meeting to place on the register the names of those who voted at the last preceding general election and also those presenting themselves in person, except such as are proven to their satisfaction to have ceased to be electors in the district since such election, and also the names of those proven to the satisfaction of such inspectors to be then or thereafter entitled to vote at the election for which the registration is made, which proof may, of course, be made by affidavit or otherwise. To that extent the statute is valid.

It is undisputed that the appellants are qualified electors in the district in question. But the respondents propose to refuse to place their names upon the register at the first meeting for registration unless they appear in person or furnish the proof required by the provisions of the statute which we hold to be void. The orders should, therefore, be reversed and the motion granted, but, as this is obviously a test case, without costs.

HOGAN, J. (dissenting). . Article 2, section 4, of the Constitution requires the legislature to enact laws " for ascertaining *by proper proofs* the citizens who shall be entitled to the right of suffrage  *  *  *  and for the registration of voters  *  *  *." .

In *Matter of Fraser* v. *Brown* (203 N. Y. 142) this court construed the term "proper proofs," Judge VANN writing as follows:

" ' Proper proofs' may ˙be required by the legislature and, within the limits of reason, the nature of the proof is under its control; except that proof involving personal appearance cannot be required on the first day. *Proof by affidavit, or by the testimony of a third person, may be required by statute*  *  *  *."

On behalf of the appellants it was argued that the requirements of the statute under consideration are without the limits of reason in that the affidavit of two elect-

ors, residents of the election district in which the person to be registered resides, should be furnished. Assuming, for the sake of argument, such interpretation of the statute, and that such requirement is unreasonable, it was within the province of the legislature to require proof by the affidavit of a person whose name is sought to be placed upon the registration list showing that the person sought to be thus registered was a qualified elector, or to require like proofs by the testimony of a third person. By eliminating the provision criticised in the prevailing opinion, the statute can be read:

" * * * and also at said first meeting, they shall place on the register the names of all persons proven to the satisfaction of such inspectors by the affidavits of such persons to be then or thereafter entitled to vote at the election for which such registration is made * * *."

The provision quoted above does not conflict with any provision of the Constitution, and is capable of separation from the remaining provision condemned by the prevailing opinion; therefore, it should be given force and effect. The retention of such provision would, in my opinion, render the statute more harmonious by providing the nature of the proof which should be furnished, rather than to permit inspectors to insist upon proofs satisfactory to them which may vary throughout the districts of the state as the whims of individuals may determine. For that reason I dissent from the conclusion of a majority of the members of the court.

WERNER, HISCOCK, CHASE and COLLIN, JJ., concur with MILLER, J.; CARDOZO, J., concurs in the result, but is of the opinion that the provision requiring the affidavit of the voter is separable from the provision requiring the affidavit of two qualified electors and that the former provision may be sustained; HOGAN, J., reads dissenting opinion.

Orders reversed, etc.